1 | KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
    MICHAEL J. KUMP (SBN 100983)
2 |     mkump@kwikalaw.com
    JONATHAN STEINSAPIR (SBN 226281)
3 |     jsteinsapir@kwikalaw.com
    LAURA D. CASTNER (SBN 172362)
4 |     lcastner@kwikalaw.com
    808 Wilshire Boulevard, 3rd Floor
5 | Santa Monica, California 90401
    Telephone: 310.566.9800
6 | Facsimile: 310.566.9850

7 | Attorneys for Defendant Shaquille O'Neal

FILED
CLERK, U.S. DISTRICT COURT
JUL 25 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

ROBERT ROSS, an individual,

  Plaintiff,

  vs.

SHAQUILLE O'NEAL, an individual,
MARK STEVENS, an individual, and
DOES 1 through 100, inclusive,

  Defendants.

Case No. LACV11-6124 JHN(Ex)

DEFENDANT SHAQUILLE
O'NEAL'S NOTICE OF REMOVAL
OF ACTION PURSUANT TO
28 U.S.C. § 1441

(DIVERSITY JURISDICTION)

10339.00007/73706

NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE COURT:

PLEASE TAKE NOTICE that Defendant Shaquille O'Neal hereby gives notice of removal of the above-captioned action from the Superior Court of the State of California for the County of Los Angeles, Case No. BC 465355, to the United States District Court for the Central District of California, Western Division, and states as follows:

## TIMELINESS OF REMOVAL AND JOINDER OF DEFENDANTS

1. On July 15, 2011, the above captioned action was commenced in the Superior Court of the State of California for the County of Los Angeles, by the filing of a Summons and Complaint. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.

2. Counsel for Defendant Shaquille O'Neal accepted service on behalf of O'Neal on July 25, 2011, pursuant to California Code of Civil Procedure § 415.30. Service was therefore effected on July 25, 2011, pursuant to California Code of Civil Procedure § 415.30(c). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (thirty-day removal period runs from formal service of summons and complaint). A true and correct copy of the executed Notice and Acknowledgement of Receipt for Shaquille O'Neal is attached as **Exhibit B**.

3. Thirty days since service of the summons has not yet expired and therefore this notice of removal is timely under 28 U.S.C. § 1446(b). The Complaint was the first pleading, notice, order, or other paper from which it could be ascertained that the case is removable.

4. Defendant Mark Stevens has not yet been served with the Summons and Complaint; accordingly Stevens' consent to removal is not required. *See Destfino v. Reiswig*, 630 F.3d 952, 957-958 (9th Cir. 2011). Further, the "Doe" defendants need not join in the notice. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d

1209, 1213 (9th Cir. 1980) (Doe defendants need not be joined in petition for removal).

## JURISDICTIONAL BASIS OF REMOVAL

5. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, and this action may be removed to this Court by Defendant O'Neal pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.

6. Complete diversity of citizenship exists in that Plaintiff is not a citizen of any State where Defendants are citizens. Specifically,

   (a) Plaintiff is a citizen of the State of California: at the time of the filing of the Complaint and up to the present date, Plaintiff was and is a resident of the State of California (*see* Exh. A (Complaint) at ¶ 1) *and* California was and is his domicile. *See, e.g., Lew v. Moss*, 797 F.2d 747, 750 (9th Cir.1986) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed.").

   (b) Defendant Shaquille O'Neal is a citizen of the State of Florida: at the time of the filing of the Complaint and up to the present date, O'Neal was and is a resident of the State of Florida and Florida was and is his domicile.

   (c) Defendant Mark Stevens is a citizen of the State of Georgia: at the time of the filing of the Complaint and up to the present date, Stevens was and is a resident of Georgia was and Georgia was and is his domicile.

7. It is facially apparent from the causes of action asserted in the Complaint that Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs. Defendant O'Neal is a well-known former professional basketball player, whose career spanned from 1992 until his retirement in 2011. During that time he played for the Orlando Magic, the Los Angeles Lakers, the Miami Heat, the Phoenix

1  Suns, the Cleveland Cavaliers and the Boston Celtics. During his basketball career,
2  O'Neal was the winner of the 1999–2000 MVP award, the 1992–93 NBA Rookie of
3  the Year award, 15 All-Star Game selections, three All-Star Game MVP awards,
4  three Finals MVP awards, two scoring titles, 14 All-NBA team selections, and three
5  NBA All-Defensive Team selections. O'Neal was one of the highest-paid players
6  (if not *the* highest-paid player) in the NBA for many years. He has also released
7  four rap albums, appeared in several movies, and starred in two reality television
8  shows. Plaintiff's Complaint seeks damages in an unspecified amount for alleged
9  (a) intentional infliction of emotional distress, (b) false imprisonment and assault
10 and battery, (c) breach of a purported profit-sharing contract relating to promotion
11 of various music artists, and (d) conversion of personal property alleged to be worth
12 in excess of $15,000. (*See* Ex. A, Complaint, ¶¶6, 10-18, 20-21, 23-24, 26-29). In
13 addition, Plaintiff seeks punitive damages. (*See id.*, ¶18, and p. 7:13-14.) Under all
14 the circumstances—including the inflammatory nature of the claims alleged by
15 Plaintiff, the types of damages claimed, and the publicly-available information
16 regarding O'Neal's basketball career earnings—it is clear that Plaintiff's claims
17 exceed $75,000.

## COMPLIANCE WITH OTHER REQUIREMENTS FOR REMOVAL

20    8.    Defendant O'Neal has attached all pleadings filed in the Superior
21 Court.
22    9.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this
23 Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal
24 will be filed with the Clerk of the Superior Court of the State of California for the
25 County of Los Angeles.
26    10.   Defendant O'Neal respectfully reserves all defenses, including but not
27 limited to all defenses specified in Rule 12(b) of the Federal Rules of Civil
28 Procedure.

WHEREFORE, Defendant Shaquille O'Neal hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court, Central District of California, Western Division.

DATED: July 25, 2011

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By: /s/ Michael J. Kump
Michael J. Kump
Attorneys for Defendant
Shaquille O'Neal

```
 1 | MARK E. OVERLAND, ESQ. (SBN 38375)              CONFORMED COPY
   | LAW OFFICES OF MARK E. OVERLAND                   ORIGINAL FILED
 2 | 100 Wilshire Blvd., Suite 950                  SUPERIOR COURT OF CALIFORNIA
   | Santa Monica, CA 90401                          COUNTY OF LOS ANGELES
 3 | Tel:   (310) 459-2830
   | Fax:   (213) 459-4621                                JUL 15 2011
 4 | Email: mark@overlaw.net
   |                                                John A. Clarke, Executive Officer/Clerk
 5 | DOUGLAS G. GRAY, ESQ. (SBN 37948)               BY _____ Deputy
   | LAW OFFICES OF DOUGLAS G. GRAY
 6 | 5850 Canoga Avenue, Suite 400
   | Woodland Hills, CA 91367
 7 | Tel:   (818) 888-7632
   | Fax:   (818) 888-7427
 8 | Email: douglaw368434@aol.com

 9
   | Attorney for Plaintiff, ROBERT ROSS
10
```

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ROBERT ROSS, an individual,<br><br>                Plaintiff,<br><br>vs.<br><br>SHAQUILLE O'NEAL, an individual,<br>MARK STEVENS, an individual, and<br>DOES 1 through 100, inclusive,<br><br>                Defendants. | Case No.<br><br>BC465355<br><br>COMPLAINT FOR FALSE IMPRISONMENT-KIDNAPPING, [Penal Code §207 and 236; Civil Code §3294 and 3333], ASSAULT AND BATTERY [Civil Code §3294 and 3333], ROBBERY-CONVERSION OF PERSONAL PROPERTY [Penal Code §211], INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, and BREACH OF CONTRACT |

Plaintiff Robert Ross ("Plaintiff") hereby alleges:

### GENERAL ALLEGATIONS

1. <u>Plaintiff's Residence.</u>   At all times material hereto Plaintiff was a resident of the County of Los Angeles, State of California.

2. <u>Defendants' Residences.</u>   The residences of Defendants Shaquille O'Neal ("O'Neal") and Mark Stevens ("Stevens") are outside of the State of California and are presently

1  unknown to Plaintiff who will amend this Complaint to insert these residences when they are
2  ascertained.

3     3. <u>Jurisdiction</u>. All of the acts set forth herein (except as described in Paragraph 7
4  below) occurred in the County of Los Angeles, State of California.

5     4. <u>Doe Defendants</u>. The identities of the Defendants named as Does 1 through 100
6  are presently unknown to Plaintiff who will amend this Complaint to add their names when they
7  are ascertained. Each of these Doe Defendants is legally responsible for the acts described herein
8  and for the damages suffered as a result thereof.

9     5. <u>Agency</u>. All of the acts alleged herein were performed by each Defendant,
10  including the Doe Defendants, as the agent of each and all of the other defendants and were
11  performed within the course and scope of said agency.

12     6. <u>False Imprisonment (Kidnapping), Assault and Battery, Robbery (Conversion of
13  Personal Property) and Infliction of Emotional Distress</u>. On or about February 11, 2008 in the
14  County of Los Angeles, Defendants O'Neal and Stevens, acting through their agents Ladell
15  Rowles, aka "Dog," and other members of a Los Angeles street gang Main Street Mafia Crips
16  ("the Street Gang"), kidnapped Plaintiff, committed an assault and battery on Plaintiff, converted
17  the personal property of Plaintiff, and intentionally caused Plaintiff to suffer emotional distress.

18     7. <u>Absence from the State of California</u>. Plaintiff is informed and believes, and
19  thereupon alleges, that Defendants O'Neal and Stevens have been absent from, and resided
20  outside, the State of California since at least August 21, 2007 through the present time and for a
21  period sufficiently long to toll, pursuant to Section 351 of the California Code of Civil
22  Procedure, all statutes of limitations which would have otherwise applied to Plaintiff's cause of
23  action.

24     8. <u>Conspiracy</u>. Defendants O'Neal and Stevens on or about February 11, 2008
25  engaged in a conspiracy with each other, members of the Street Gang, and others to commit all of
26  the acts set forth herein.

27
28  
2
COMPLAINT

# FIRST CAUSE OF ACTION AS TO ALL DEFENDANTS

## False Imprisonment (Kidnapping) and Assault and Battery

[Penal Code §207 and 236 and Civil Code §3294 and 3333]

9. <u>Incorporation by Reference.</u>   By reference, Plaintiff hereby alleges Paragraphs 1 through 8 of this Complaint as through fully alleged herein.

10. <u>Plaintiff's Personal Relationship with Defendant O'Neal and Relationship to the Street Gang.</u>   For many years prior to February 11, 2008 Plaintiff was a close personal friend and confidant of Defendant O'Neal. Plaintiff suffered prior felony convictions before his relationship with Defendant O'Neal. Plaintiff had also been associated with the Street Gang and, although he has not been a member for approximately twelve years, knows its members. At all times during the relationship with O'Neal, O'Neal was aware of Plaintiff's past criminal record as well as his past relationship with the Street Gang and O'Neal had knowledge of its street members. O'Neal's relationship with Dog is expressed in a rap video by O'Neal, DJ, Kay Slay, Papoose, and Bun B.

11. <u>O'Neal's Tasks and Directives to Plaintiff.</u>   Because of O'Neal's knowledge of Plaintiff's prior criminal record as well as his past involvement with the Street Gang, for many years O'Neal requested and directed Plaintiff to perform many personal favors and directed him to perform various tasks including, but not limited to: ordering Plaintiff to kill a member of the Downtown Gangster Crips who had disrespected O'Neal in front of his wife Shaunie; an order to kill a woman, whom O'Neal had impregnated and paid for her abortion; an order to kill a renown record producer; and an order to break an NBA player's shooting arm.

12. <u>Business Dealings.</u>   Prior to February 11, 2008 Defendants O'Neal and Stevens represented to Plaintiff that if Plaintiff would generate singers, musicians, and other artists for use by "Deja 34," a record company owned by Defendants O'Neal and Stevens, then Plaintiff would receive one-half of the profits earned by Defendants from all such singers, musicians, and artists. In response to this representation Plaintiff brought Ray J, a prominent signer, to

3
COMPLAINT

Defendants who signed Ray J to a contract and thereafter generated profits from his works. Defendants, however, failed and refused to pay Plaintiff his rightful share of all profits generated by the works of Ray J. The refusal of Defendants to pay Plaintiff caused a termination of their friendships.

13. <u>Video of Sexual Activities.</u>  While Defendant O'Neal was married and prior to February 11, 2008, Defendant O'Neal engaged in sexual acts with a female, not his wife, at Plaintiff's home. Defendant O'Neal having sex was videotaped by a recording device installed in Plaintiff's home.

14. <u>Defendant O'Neal's Jealousy.</u>  After February 11, 2008 and after Defendant O'Neal had filed for divorce and was separated from his wife (Shaunie), Plaintiff began an affair with Shaunie. When Defendant O'Neal learned of this relationship between Plaintiff and Shaunie, Defendant O'Neal became extremely jealous and angry toward Plaintiff.

15. <u>Attacks of February 11, 2008.</u>  Because of the fear that the sex video might become public, and because of Defendant O'Neal's raging jealousy toward Plaintiff, Defendants O'Neal and Stevens directed and employed members of the Street Gang to kidnap, attack, rob, and threaten Plaintiff. On February 11, 2008 Dog and members of the Street Gang carried out the orders of Defendants and kidnapped Plaintiff from Sunset Boulevard, Hollywood and forcibly drove him to Dog's residence in South Central Los Angeles where they assaulted, robbed and threatened Plaintiff at gunpoint. At the beginning of the kidnapping, James Herbin ("Wood") told Plaintiff that "the big homey" ("Dog") needed to straighten out problems between O'Neal, Stevens (O'Neal's business manager) and Plaintiff. During the kidnapping Dog told Plaintiff that O'Neal and Stevens want the tape of O'Neal having sex at Plaintiff's home delivered by Plaintiff to Dog. When Plaintiff promised to get the tape, he was released. During the kidnapping and robbery, Stevens communicated by phone with one of the members of the Street Gang and emphasized that O'Neal needed to obtain the sex tape from Plaintiff. Unbeknownst to Stevens, this conversation was tape recorded pursuant to an FBI wiretap on the

4
COMPLAINT

cell phone of the member of the Street Gang. The Defendants unlawfully violated the Plaintiff's personal liberty by intentionally taking him to and holding him in a place without his consent and against his will.

16. <u>Purpose of the Kidnapping, Attacks, and Robbery.</u>  The Defendants' purpose in directing the kidnapping, assault, robbery, and threats to Plaintiff was made clear when he was told by his abductors to deliver the O'Neal sex tape to them. These abductors were acting on behalf of and were carrying out the orders of the Defendants and were performing these acts with the full knowledge, consent, and approval of Defendants. Additionally, on February 12, 2008, a mutual friend of Plaintiff and Defendants called Plaintiff and asked him about the kidnapping, assault, and robbery. When asked by Plaintiff how he knew about the incident, the friend stated Stevens had called him and told him to tell Plaintiff that all that had happened the night before was because of Plaintiff's affair with Shaunie, but that Dog was only told to get the sex tape from Plaintiff.

17. <u>Compensatory Damages.</u>  As a proximate result of the misconduct of the Defendants, Plaintiff suffered physical injuries and emotional distress when he was kidnapped, assaulted, beaten with a handgun, and robbed, all according to proof.

18. <u>Punitive Damages.</u>  All of the conduct described above was done intentionally, willfully, wantonly, maliciously, with a reckless disregard of Plaintiff's rights. Punitive damages should be awarded Plaintiff in an amount which considers the reprehensibility of the conduct of the Defendants, the financial conditions of the Defendants, and for an amount which constitutes a reasonable relationship between the compensatory damages and the punitive damages. The amount of the punitive damages should be sufficient, in light of the Defendants' financial conditions, to punish the Defendants and to discourage future wrongful conduct.

## SECOND CAUSE OF ACTION AS TO ALL DEFENDANTS
### Intentional Infliction of Emotional Distress

19. <u>Incorporation by Reference.</u>  By reference, Plaintiff hereby alleges Paragraphs 1

5
COMPLAINT

through 18 of this Complaint as though fully alleged herein.

20. <u>Intentional Misconduct</u>.   All of the acts of the Defendants were intentionally designed and performed to inflict emotional distress upon the Plaintiff.

21. <u>Damages</u>.   As a proximate result of the Defendants' misconduct, Plaintiff suffered emotional distress, all according to proof.

## THIRD CAUSE OF ACTION AS TO ALL DEFENDANTS
### Conversion of Personal Property-Robbery
### [Civil Code §3336 and Penal Code §211]

22. <u>Incorporation by Reference</u>.   By reference, Plaintiff hereby alleges Paragraphs 1 through 21 of this Complaint as though fully alleged herein.

23. <u>Conversion by Defendants</u>.   On February 11, 2008 Plaintiff was the owner of a diamond necklace, diamond earrings, a Rolex watch and $15,000 in cash which Defendants intentionally and wrongfully took possession of and converted to their own use without Plaintiff's consent, permanently depriving him of ownership and possession.

24. <u>Damages</u>.   As a proximate result of the conversion of Plaintiff's personal property without his consent, Plaintiff has suffered damages including, without limitation, the value of the personal property, compensation for the time and money spent attempting to recover Plaintiff's property, and emotional distress suffered as a result of the conduct of the Defendants, all according to proof.

## FOURTH CAUSE OF ACTION AS TO ALL DEFENDANTS
### Breach of Contract

25. <u>Incorporation by Reference</u>.   By reference, Plaintiff hereby alleges Paragraphs 1 through 24 of this Complaint as though fully alleged herein.

26. <u>Agreement</u>.   On or about August 21, 2007, Plaintiff and Defendants O'Neal and Stevens orally agreed that Plaintiff would generate singers, musicians, and/or other artists for use by these Defendants. In consideration for doing so, Plaintiff would be paid in Los Angeles

6
COMPLAINT

1  County one-half of the profits generated by the works of each such singer, musician, and/or artist.

2  27. <u>Plaintiff Performed</u>.  In accordance with the representations and promises made by Defendants, Plaintiff fully performed and introduced the artist Ray J to Defendants who signed Ray J to a contract and thereafter generated profits as a result of sales from the artistic performance of Ray J.

6  28. <u>Breach by Defendants</u>.  Defendants breached their agreement with Plaintiff by failing and refusing to pay him the agreed upon one-half of all profits earned as a result of the performance of Ray J.

9  29. <u>Damages</u>.  As a proximate result of the breach by Defendants, Plaintiff has been damaged in an amount according to proof.

WHEREFORE, Plaintiff prays for:

(1) Compensatory damages according to proof;

(2) Punitive damages in an amount sufficient to deter Defendants and others similarly situated from such misconduct in the future;

(3) Costs of suit; and

(4) For such other and further relief as the Court deems just and proper.

DATED: July 15, 2011                    LAW OFFICES OF MARK E. OVERLAND

*[signature]*

MARK E. OVERLAND
Attorney for Plaintiff, Robert Ross

DATED: July 15, 2011                    LAW OFFICES OF DOUGLAS G. GRAY

*[signature]*

DOUGLAS G. GRAY
Attorney for Plaintiff, Robert Ross

7
COMPLAINT

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| DOUGLAS G. GRAY, ESQ.   SBN 37948<br>LAW OFFICES OF DOUGLAS G. GRAY<br>5850 Canoga Avenue, Suite 400<br>Woodland Hills, CA 91367 | |

TELEPHONE NO.: (818) 888-7632   FAX NO. (Optional): (818) 888-7427
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff, ROBERT ROSS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: ROBERT ROSS

DEFENDANT/RESPONDENT: SHAQUILLE O'NEAL, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC465355 |
|---|---|

TO (insert name of party being served): SHAQUILLE O'NEAL

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 15, 2011

DOUGLAS G. GRAY
(TYPE OR PRINT NAME)                          ▶ _____
                                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other (specify):

   Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Notice of Case Assignment-Unlimited Civil Case, Los Angeles Superior Court ADR Programs, Los Angeles Superior Court ADR Information Package

(To be completed by recipient):

Date this form is signed: July 25, 2011

MICHAEL J. KUMP, Attorney for S. O'Neal      ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,     (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

**EXHIBIT B**       Page 12

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 808 Wilshire Boulevard, 3rd Floor, Santa Monica, CA 90401.

On July 25, 2011, I served the following document(s) described as **NOTICE AND ACKNOWLEDGMENT OF RECEIPT – CIVIL** on the interested parties in this action as follows:

| | |
|---|---|
| Douglas G. Gray | Mark E. Overland |
| Law Offices of Douglas G. Gray | Law Offices of Mark E. Overland |
| 5850 Canoga Avenue, Suite 400 | 100 Wilshire Boulevard, Suite 950 |
| Woodland Hills, CA 91367 | Santa Monica, CA 90401 |
| Attorneys for Plaintiff | Attorney for Plaintiff |
| Fax No. (818) 888-7427 | Fax No. (213) 459-4621 |

[X] **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Kinsella Weitzman Iser Kump & Aldisert LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

[ ] **BY FAX TRANSMISSION:** Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the persons at the fax numbers listed in the Service List. I sent this transmission at _____ a.m./p.m. The telephone number of the sending facsimile machine was 310.566.9850. No error was reported by the fax machine that I used. I printed out a copy of the record of the fax transmission.

[ ] **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address choffman@kwikalaw.com to the persons at the e-mail addresses listed in the Service List. I sent this transmission at _____ a.m./p.m.. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 25, 2011, at Santa Monica, California.

*/s/ Candace Hoffman*
Candace E. Hoffman

10339.00007/74657.1

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is Time Machine Network Inc., 1533 Wilshire Boulevard, Los Angeles, CA 90017.

On July 25, 2011, I served true copies of the following document(s) described as **DEFENDANT SHAQUILLE O'NEALS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441; CIVIL CASE COVER SHEET** on the interested parties in this action as follows:

Douglas G. Gray                           Attorneys for Plaintiff
Law Offices of Douglas G. Gray            Fax No. (818) 888-7427
5850 Canoga Avenue, Suite 400
Woodland Hills, CA 91367

Mark E. Overland                          Attorney for Plaintiff
Law Offices of Mark E. Overland           Fax No. (213) 459-4621
100 Wilshire Boulevard, Suite 950
Santa Monica, CA 90401

**BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 25, 2011, at Santa Monica, California.

_____
Candace E. Hoffman

10339.00007/74657.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV11- 6124 JHN (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Robert Ross

**DEFENDANTS**
Shaquille O'Neal

CONFORM

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Mark Overland, Law Offices of Mark E. Overland
100 Wilshire Blvd., Ste 950, Santa Monica, CA 90401
Phone: 310-459-2830 email: mark@overlaw.net
Douglas Gray, Law Offices of Douglas G. Gray
5850 Canoga Ave., Ste. 400, Woodland Hills, CA 91367
Phone: 310-888-7632; email: douglaw368434@aol.com

**Attorneys** (If Known)
Michael J. Kump (SBN 100983)
Kinsella Weitzman Iser Kump & Aldisert LLP
808 Wilshire Blvd., Third Floor
Santa Monica, Ca 90401

Phone: 310-566-9800; email: mkump@kwikalaw.com

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT: $** Compensatory and punitive damages

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
False imprisonment; assault & battery; intentional infliction of emotional distress; conversion; breach of contract

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | ☒ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

LACV11-6124

**FOR OFFICE USE ONLY:** Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)         CIVIL COVER SHEET         Page 1 of 2
                                                  CCD-JS44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No  [ ] Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No  [ ] Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
[ ] A. Arise from the same or closely related transactions, happenings, or events; or
[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)
(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Shaquille O'Neal - Florida; Mark Stevens - Georgia |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _/s/ Michael J. Kump_   Date July 25, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |